CONN LLY'S Adm'r, et al. v. KAVANAUGH.

1. When a *feme covert* prays that her portion of an intestate's estate may be settled to her sole use, and the answer sets up that the intestate became the surety for her and another person as the administrators of the estate of her first husband, of which estate assets to a large amount came to the hands of the administrators, and that the co-administrator as well as the complainant's husband are insolvent, indemnity against the liability will not be decreed when the answer is not sustained by proof of the insolvency of the administrator.

Writ of Error to the Court of Chancery for the thirty-second District.

THE bill in this cause is filed by Catherine Kavenaugh, by her next friend, against the administrators of John Connally, deceased, and its object is, to have her portion, as one of the distributees of the estate, settled to her sole and separate use, and protected against the apparent right of her husband, who with the other distributees of the estate, are made parties defendant to the bill.

The answer of the administrators shows no cause against the distribution of the estate, but sets up against the right of the complainant, that their intestate became one of the sureties for her and another person, as administrators of the estate of one Lewis, her former husband, in the year 1832, in the sum of $20,000. The answer alledges, this administration has never been settled—that assets to the amount of more than $18,000 came to the hands of the administrators—that

22

Carter B. Kavanaugh afterwards intermarried with the complainant, and thereby became joint administrator of Lewis, in her right—that the other administrator, as well as Kavanaugh and the co-surety, are entirely insolvent. From these circumstances, the defendants assert their belief that the debts due to the estate of Lewis, by his administrators, will ultimately involve the estate of Connally in heavy pecuniary responsibilities and losses, and having no other means to indemnify the estate, they submit, if the prayer of the bill shall be granted before the final settlement of Lewis' estate by his administrators, and until the estate of Connally shall be protected and saved harmless on account of said administrator.

The only proof in support of the answer is, exhibits of the administration bond—of the inventory and account of sales which charge the administrators of Lewis' estate with something over $13,000—and several citations for final settlement of that estate.

The chancellor considered there was nothing in the answers, or proofs, to authorize the withholding the relief prayed, decreed a settlement on the wife of her portion of Connally's estate, and enjoined the administrators from paying it to any one other than her next friend.

This decree is now assigned as error.


C. C. CLAY, for the plaintiff in error, insisted—

1. That the complainant asking the aid of a court to protect her, will be compelled to render to the estate of Conally the same equity she seeks against her husband. Courts of equity uniformly act on this principle. [1 Story's Eq. 77, § 59; 1 Fonbl. 25, 43; 4 Bro. Ch. 436; Marks v. Morris, 4 H. & M. 463; Francis' Maxims, 2; 1 Fonbl. 127, 140.]

2. When equity has taken jurisdiction of a cause, it will retain it until ample justice is done between the parties. Here justice cannot be done unless the representatives of Connally can enforce their case as an equitable set off, [Lindsay v. Jackson, 2 Paige, 581,] and the insolvency is a sufficient ground to interpose, although the debt is not due. [Ib.]

S. PARSONS, for the defendant in error, contended—

1. That the cause was ready for hearing, and the chancellor was not required to continue it, so that the defendants could make other proof.

2. But it is evident from the late statute on this subject, that the matter urged below belongs to the jurisdiction of the orphans' Court. It is not the intention of the act, that the chancellor shall ascertain either the amount of the distributive share, or what discounts it was subject to.

GOLDTHWAITE, J.—The defendants resisted the apparent equity of the complainant, on the ground that their intestate, with another person, in 1832, became bound as sureties for her and George Connally for the administration of the estate of her former husband—that they and Connally have received assets of that estate to a large amount—that it remains entirely unsettled with the proper court—and that her present husband, as well as Connally, the co-administrator, and the co-surety, are wholly insolvent. From these facts the defendants insist an equity arises, for them to require, either that that estate shall be settled, or indemnity given before the complainant's portion of the estate the defendants represent, shall be settled on her. We are not prepared to say, this position would be untenable if the answer was sustained by proofs; but in the condition in which the record is presented, the expression of any opinion is improper, for the reason that the case is not sustained by evidence. If we concede that the insolvency of the administrators upon Lewis' estate, is a fact which authorizes the present defendants to demand indemnity, for the liability of their intestate on the administration bond, before payment of the complainant's portion, then it will be apparent the cause rests on this fact of insolvency. In the decision of the Tuscumbia Rail Road Company v. Sherrod, 8 Ala. Rep. 206, we had occasion to review all the cases bearing on the question, how far insolvency would confer jurisdiction on a court of equity, when without this fact it had none; but none of them go so far as to let in the jurisdiction on this account, when there would not otherwise be a failure of justice.

In this cause, the insolvency of one of the administrators is

conceded by the bill, as well as asserted by the answer, but as to the other, there is a total absence of proof. · If George Connally, the co-administrator of the estate of Lewis is solvent, it is clear the defendants representing his surety, cannot be prejudiced by the insolvency of the complainant's husband as the same decree which established the indebtedness of the administrators of Lewis' estate would award execution against the solvent administrator, before any recourse could be had against the defendants representing the surety.

The case failing in this particular, it is unnecessary to examine it farther, as we could render no aid to the party, even if our judgment was, that the answer made out a full defence,. or presented such a state of facts as would require a modification of the decree.

Decree affirmed.